JS 44 (Rev. 03/24) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JUDITH HURLEY

**DEFENDANTS**

AT&T CORP., AT&T SERVICES, INC. and JOHN T. STANKEY

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant DALLAS
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin Console, Esquire of Console Mattiacci Law
1525 Locust St., 9th Floor Philadelphia, PA 19102
(215) 545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |
|---|---|---|
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** |
| | ☐ 448 Education | ☐ 540 Mandamus & Other |
| | | ☐ 550 Civil Rights |
| | | ☐ 555 Prison Condition |
| | | ☐ 560 Civil Detainee - Conditions of Confinement |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e, et seq.; 29 U.S.C. §621, et seq.; 42 U.S.C. §1981 ; 43 P.S. § 951, et seq

Brief description of cause:
Plaintiff was discriminated and retaliated against based on her age and race in violation of state and federal law.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 07/21/2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| JUDITH HURLEY | : | CIVIL ACTION |
| v. | : | |
| AT&T CORP., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                              (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                       (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                                          (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( X)

| | | |
|---|---|---|
| 07/21/2025 | | Plaintiff, Judith Hurley |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-689-4137 | Kevinconsole@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:_____Taylor, PA_____

---

*RELATED CASE IF ANY:*  Case Number:_____  Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                                          Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?          Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?  Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.   Federal Question Cases:*

☐   1.   Indemnity Contract, Marine Contract, and All Other Contracts)
☐   2.   FELA
☐   3.   Jones Act-Personal Injury
☐   4.   Antitrust
☐   5.   Wage and Hour Class Action/Collective Action
☐   6.   Patent
☐   7.   Copyright/Trademark
☐   8.   Employment
☐   9.   Labor-Management Relations
☒   10.  Civil Rights
☐   11.  Habeas Corpus
☐   12.  Securities Cases
☐   13.  Social Security Review Cases
☐   14.  Qui Tam Cases
☐   15.  Cases Seeking Systemic Relief  **\*see certification below\***
☐   16.  All Other Federal Question Cases. *(Please specify)*:_____

*B.   Diversity Jurisdiction Cases:*

☐   1.   Insurance Contract and Other Contracts
☐   2.   Airplane Personal Injury
☐   3.   Assault, Defamation
☐   4.   Marine Personal Injury
☐   5.   Motor Vehicle Personal Injury
☐   6.   Other Personal Injury *(Please specify)*:_____
☐   7.   Products Liability
☐   8.   All Other Diversity Cases:  *(Please specify)*_____
        _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JUDITH HURLEY**<br>Taylor, PA 18517<br><br><div align="right">***Plaintiff,***</div><br><br>v.<br><br>**AT&T CORP.**<br>208 South Akard Street<br>Dallas, TX 75202<br><br>and<br><br>**AT&T SERVICES, INC.**<br>208 South Akard Street<br>Dallas, TX 75202<br><br>and<br><br>**JOHN T. STANKEY**<br>Dallas, TX 75209<br><br><div align="right">***Defendants.***</div> | CIVIL ACTION NO.: _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## I.    INTRODUCTION

Plaintiff, Judith Hurley ("Plaintiff"), brings this action against her former employers, AT&T Corp. and AT&T Services, Inc., for discriminating against Plaintiff based upon her age (57 at the time of termination) and her race (white), including subjecting Plaintiff to a hostile work environment and terminating Plaintiff's employment for false and pretextual reasons. Plaintiff is also pursuing claims against AT&T's Chief Executive Officer, John T. Stankey, for aiding and abetting the age discriminatory conduct set forth herein. (All three (3) named Defendants are referred to collectively herein as "Defendants").

After more than 26 years of dedicated and high-performing service with Defendants, Plaintiff was terminated effective October 6, 2023, as part of a broader age-discriminatory scheme

1

orchestrated at the highest levels of Defendant's corporate leadership. This scheme was openly articulated by Defendants' CEO, Defendant John T. Stankey, during a July 2023 webcast, where he, among other things: expressed the view that Defendants' workforce did not match the U.S. population in terms of demographics and in terms of age; called for young people to carry the business forward; and explained that Defendants needed younger employees who were more in tune with the wants and needs of their households. Stankey also made derogatory comments during a visit to a work location about Defendants' workplace looking like a nursing home due to all the gray-haired people.

Defendants' discriminatory conduct is in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"); the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA"); Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 ("Section 1981"); and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"). Plaintiff seeks all appropriate relief, including economic loss, compensatory damages, liquidated damages, punitive damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

## II.   PARTIES

1.      Plaintiff, Judith Hurley, is an individual and a citizen of the Commonwealth of Pennsylvania. She resides in Taylor, Pennsylvania.

2.      Plaintiff was born in 1966, and was fifty-seven (57) years of age as of the effective date of her termination from Defendants in October 2023.

3.      Plaintiff is white.

4.      Plaintiff primarily worked from her home office in Taylor, PA and from Defendants' offices in Scranton, PA.

5. Defendant AT&T Corp. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 208 South Akard Street, Dallas, TX 75202.

6. Defendant AT&T Corp. is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

7. Defendant AT&T Corp. maintains offices and conducts regular business within the Eastern District of Pennsylvania, including at 1023 Madison Avenue, Scranton, PA 18510.

8. Defendant AT&T Services, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 208 South Akard Street, Dallas, TX 75202.

9. Defendant AT&T Services, Inc. is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

10. Defendant AT&T Services, Inc. maintains offices and conducts regular business within the Eastern District of Pennsylvania, including at 1023 Madison Avenue, Scranton, PA 18510.

11. Defendant John T. Stankey is an individual residing in Dallas, TX.

12. Defendant John T. Stankey was at all relevant times the Chief Executive Officer of Defendants AT&T Corp. and AT&T Services, Inc.

13. Defendant John T. Stankey worked out of Defendants' principal place of business located at 208 South Akard Street, Dallas, TX 75202.

14. At all times material hereto, Defendants AT&T Corp. and AT&T Services, Inc. acted as joint employers, sharing common ownership, personnel policies, procedures, and employment practices.

3

15.    Defendant AT&T Services, Inc. and AT&T Corp. are, for purposes of Plaintiff's employment, interconnected such that they are considered a "single" and/or "integrated" employer and/or enterprise.

16.    Defendants, including Defendant John T. Stankey as an aider and abettor, collectively caused the actions complained of herein, and caused harm to Plaintiff within this jurisdictional district.

17.    Throughout Plaintiff's employment, Defendant AT&T Services, Inc. shared with Defendant AT&T Corp., inter alia, common personnel policies and employment practices relating to Plaintiff.

18.    At all times material hereto, Defendants jointly employed Plaintiff.

19.    At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

20.    At all times material hereto, Defendants acted as employers within the meaning of the statutes which form the basis of this matter.

21.    At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

## III.    JURISDICTION AND VENUE

22.    The causes of action which form the basis of this matter arise under Title VII, the ADEA, Section 1981 and the PHRA.

23.    The District Court has jurisdiction over Count I (Title VII) pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1332.

4

24.     The District Court has jurisdiction over Count II (ADEA) pursuant to 29 U.S.C. §626(c), 28 U.S.C. §1331 and 28 U.S.C. §1332.

25.     The District Court has jurisdiction over Count III (Section 1981) pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1332.

26.     The District Court has jurisdiction over Count IV (PHRA) pursuant to 28 U.S.C. §1367 and 28 U.S.C. §1332.

27.     Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred within this District, and because Defendants maintain offices and conduct regular business within the Eastern District of Pennsylvania.

28.     On or about December 20, 2023, Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC") complaining of the acts of discrimination alleged herein. Plaintiff's PHRC Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein, and marked as Exhibit "1" is a true and correct copy of the PHRC Complaint (with personal identifying information redacted).

29.     On or about May 2, 2025, the EEOC issued to Plaintiff a Notice of Right to Sue for her Charge of Discrimination. Attached hereto and marked as Exhibit "2" is a true and correct copy of that Notice (with personal identifying information redacted).

30.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     FACTUAL ALLEGATIONS

31.     Plaintiff was hired by Defendants on or about April 7, 1997.

32.     Plaintiff was born in 1966.

33. Throughout her 26.5-year career with Defendants, Plaintiff consistently performed her job duties in a highly competent manner and received positive feedback.

34. At the time of her termination, Plaintiff held the position of Manager, Quality Methods and Procedures Process.

35. Plaintiff last reported to Kristi Gayles ("Gayles") (55, white[1]), Associate Director.

36. Gayles reported to Patricia Migliori ("Migliori ") (59, white), Director.

37. Migliori reported to Mary Farnsworth ("Farnsworth") (45, white), Associate Vice President.

38. In or about January 2021, Plaintiff began reporting to Gayles as her first level supervisor.

39. In or about March 2021, Plaintiff began reporting to Migliori as her second level supervisor.

40. In or about January 2022, Plaintiff began reporting to Farnsworth as her third level supervisor.

41. Gayles had no role in Plaintiff being hired at Defendants.

42. Migliori had no role in Plaintiff being hired at Defendants.

43. Farnsworth had no role in Plaintiff being hired at Defendants.

44. On or about June 27, 2023, during a phone call with Farnsworth, Plaintiff was told that her position was being eliminated, and that she would receive further information, down the road, regarding transitioning her work.

45. On July 26, 2023, during a webcast, Defendant John T. Stankey ("Stankey"), Chief Executive Officer, made age- and race-based comments, including stating: that Defendants wanted

---

[1] All ages referenced herein are approximations to the best of Plaintiff's knowledge and belief as of her October 2023 termination.

diverse views; that the profile of Defendants' workforce did not match the population of the United States in terms of the demographics and in terms of age; that Defendants needed young people to carry the business forward; and that, as the younger generation came of age, Defendants needed younger employees that were more tuned in to the wants and needs of their households so that Defendants could continue to maintain and grow their business.

46.     Plaintiff heard that Stankey commented that, with all the gray-haired people at Defendants, it looked like a nursing home.

47.     Stankey's comments were offensive and extremely upsetting to Plaintiff and other older workers.

48.     Despite Stankey's comments being made in a webcast, Defendants AT&T Services, Inc. and AT&T Corp. made no announcement that Stankey's comments were inappropriate.

49.     Defendants AT&T Services, Inc. and AT&T Corp. offered no apology to older workers as a result of Stankey's comments.

50.     On or about September 22, 2023, in a letter from Farnsworth, Defendants placed Plaintiff on surplus status and notified Plaintiff that her employment would be terminated, effective October 6, 2023.

51.     Defendants' stated reason for placing Plaintiff on surplus status and terminating her employment was position elimination.

52.     Defendants' stated reason for placing Plaintiff on a surplus and terminating her employment – position elimination – is false and a pretext for unlawful discrimination.

53.     Plaintiff received no explanation, including the selection criteria, as to why she was placed on surplus status while substantially younger and/or nonwhite employees were not.

7

54.     Plaintiff received no explanation, including the selection criteria, as to why her position was eliminated while substantially younger and/or nonwhite employees' positions were not.

55.     Plaintiff received no explanation, including the selection criteria, as to why her employment was terminated while substantially younger and/or nonwhite employees were retained.

56.     On or about October 6, 2023, in addition to Plaintiff, Defendants terminated the following employees:

a)  Patricia Migliori (59, white), Director;
b)  Laurie Johnson (59, white), Area Manager, Network Operations Center;
c)  Kristi Gayles (55, white), Associate Director;
d)  Rosario Bazaldua (55, Hispanic), Manager, Quality Methods and Procedures Process;
e)  Larry Anderson (53, white), Senior Specialist, Network Technology Support; and
f)  Scott Peach (53, white), Senior Specialist, Network Technology Support.

57.     When Plaintiff was terminated, Defendants retained the following employees under Farnsworth:

a)  Melvin Sawyer (47, black), Lead Financial Analyst;
b)  Robin Gilliam (56, black), Associate Director of Technology;
c)  Kerwin Thompson (56, black), Director, National Mass Markets; and
d)  Kathy Classen (60, white), Quality Methods and Procedures Process.

58.     When Plaintiff was terminated, Defendants retained younger and/or nonwhite employees who had less service time compared to Plaintiff.

59.     When Plaintiff was terminated, Defendants retained younger and/or nonwhite employees in positions for which Plaintiff was more qualified.

60.     Defendants placed Plaintiff on surplus status because of her age and/or her race.

61.     To the extent Defendants eliminated Plaintiff's position, they did so because of her age and/or her race.

8

62.    Defendants terminated Plaintiff's employment because of her age and/or her race.

63.    Defendants subjected Plaintiff to a hostile work environment because of her age.

64.    Defendants assigned Plaintiff's job duties and responsibilities to substantially younger and/or nonwhite employees with less service time than she had, including Robin Gilliam (56, black), Associate Director of Technology, Lisa Sailor (--, white), Director, Project Program Management, and Austin Whelchel (47, white), Director, Network Process and Quality.

65.    Plaintiff was more qualified to perform her job duties and responsibilities as compared to the substantially younger and/or nonwhite employees who had less service time, including, without limitation, Gilliam, Sailor, and Whelchel, to whom Defendants assigned Plaintiff's job duties and responsibilities.

66.    Defendants recently terminated and/or pushed out other older and/or white employees.

67.    Defendants are engaged in a pattern and/or practice of terminating and/or pushing out older employees.

68.    Defendants are engaged in systemic termination of older employees and forcing older employees into arbitration when such older employees file age discrimination claims in connection with their termination.

69.    To Plaintiff's knowledge, Stankey has not been terminated despite his comments made in violation of state and federal law.

70.    When Plaintiff was terminated, Defendants retained less qualified, substantially younger employees in positions for which she was more qualified, and replaced Plaintiff with and assigned Plaintiff's job duties and responsibilities to less qualified, substantially younger and/or nonwhite employees with less service time than Plaintiff.

9

71. When Plaintiff was terminated, she was age fifty-seven (57) with more than twenty-six (26) years of service at Defendants.

72. Plaintiff was given no opportunity to remain employed with Defendants.

73. Defendant Stankey aided and abetted Defendants in discriminating against Plaintiff based on her age.

74. Defendants' race and age discriminatory conduct has caused Plaintiff emotional distress.

75. Defendants' conduct evidences a bias against white and/or older employees.

76. As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

77. The conduct of Defendants, as set forth above, was willful under the circumstances, warranting the imposition of liquidated damages.

78. The conduct of Defendants, as set forth above, was egregious and recklessly indifferent to Plaintiff's rights under the circumstances, warranting the imposition of punitive damages.

## COUNT I - TITLE VII

### (Against Defendants AT&T Corp. and AT&T Services, Inc.)

79. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

80. By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated Title VII.

81.     Said violations were done with malice and/or reckless indifference to Plaintiff's federally protected rights, warranting the imposition of punitive damages.

82.     As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

83.     Plaintiff suffered and may continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

84.     No previous application has been made for the relief requested herein.

## COUNT II - ADEA

### (Against Defendants AT&T Corp. and AT&T Services, Inc.)

85.     Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

86.     By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the ADEA.

87.     Defendants discriminated against Plaintiff because of her age, including, without limitation, terminating her employment while retaining and favoring less qualified younger employees.

88.     Defendants' pattern of terminating employees over 40 years of age while retaining and favoring younger employees evidences discriminatory intent based on age.

89.     Said violations were willful and warrant the imposition of liquidated damages.

90.     As a direct and proximate result of Defendants' violations of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

11

91.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

### COUNT III - SECTION 1981

### (Against Defendants AT&T Corp., AT&T Services, Inc.)

92.    Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

93.    By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated Section 1981.

94.    Said violations were done with malice and/or reckless indifference and warrant the imposition of punitive damages.

95.    As a direct and proximate result of Defendants' violations of Section 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

96.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

97.    No previous application has been made for the relief requested herein.

### COUNT IV - PHRA

### (Against Defendants AT&T Corp., AT&T Services, Inc. and Stankey as aider and abettor)

98.    Plaintiff incorporates by reference the above paragraphs as if set forth herein in their entirety.

99.    By committing the foregoing acts of age and race discrimination against Plaintiff, Defendants have violated the PHRA.

12

100. Defendant Stankey aided and abetted Defendants in discriminating against Plaintiff based on her age.

101. As a direct and proximate result of Defendants' violations of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

102. Plaintiff suffered and may continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

103. No previous application has been made for the relief requested herein.

## RELIEF

104. WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

105. Declaring the acts and practices complained of herein to be in violation of Title VII, the ADEA, Section 1981 and the PHRA.

106. Enjoining and permanently restraining the violations alleged herein;

107. Entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

108. Awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity, and benefits, which Plaintiff has suffered and will continue to suffer as a result of Defendants' improper conduct;

109. Awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered as a result of Defendants' improper conduct;

110. Awarding punitive damages to Plaintiff under Title VII and Section 1981;

13

111.    Awarding liquidated damages to Plaintiff under the ADEA.

112.    Awarding Plaintiff other such damages as are appropriate under Title VII, the ADEA, Section 1981 and the PHRA;

113.    Awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

114.    Granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACI LAW LLC**

Dated: <u>July 21, 2025</u>                    By:    */s/ Kevin Console*
Laura C. Mattiacci, Esquire
Kevin Console, Esquire
Holly W. Smith, Esquire
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
(215) 545-7676
kevinconsole@consolelaw.com

*Attorneys for Plaintiff, Judith Hurley*

14